**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                          :
**In re:**                                : **Chapter 15**
                                          :
**LUPATECH S.A.,**                        : Case No. 14-11559
                                          :
      **Debtor in a Foreign Proceeding.**     :
_____:
                                          :
**In re:**                                : **Chapter 15**
                                          :
**LUPATECH FINANCE LIMITED,**             : Case No. 14-11563
                                          :
      **Debtor in a Foreign Proceeding.**     :
_____:
                                          :
**In re:**                                : **Chapter 15**
                                          :
**JEFFERSON SOLENOIDBRAS LTDA,**          : Case No. 14-11562
                                          :
                                          :
      **Debtor in a Foreign Proceeding.**     :
_____:
                                          :
**In re:**                                : **Chapter 15**
                                          :
**LUPATECH – EQUIPAMENTOS E**             : Case No. 14-11560
**SERVIÇOS PARA PETRÓLEO LTDA,**          :
                                          :
                                          :
      **Debtor in a Foreign Proceeding.**     :
_____:
                                          :
**In re:**                                : **Chapter 15**
                                          :
**MIPEL INDÚSTRIA E COMÉRCIO DE**         : Case No. 14-11561
**VÁLVULAS LTDA,**                        :
                                          :
                                          :
      **Debtor in a Foreign Proceeding.**     :
_____:

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES**

Ricardo Doebeli, in his capacity as the authorized foreign representative (the "**Foreign Representative**") for the above-captioned debtors (collectively, the "**Debtors**")[1] in a proceeding (the "**Foreign Proceeding**") commenced in the Federative Republic of Brazil pursuant to Federal Law 11.101 of February 9, 2005 (the "**Brazilian Business Recovery Law**") (pending before the 2nd Civil Court of the city of Nova Odessa, State of São Paulo), files this motion (this "**Motion**"), by and through his undersigned counsel, for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (a) authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only, and (b) granting certain related relief. In support of this Motion, the Foreign Representative refers the Court to (i) the statements contained in the *Declaration of Ricardo Doebeli in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Orders Granting Provisional and Final Relief in Aid of a Foreign Proceeding, and (III) Certain Related Relief* (the "**Doebeli Declaration**"), which was filed concurrently herewith and is incorporated herein by reference. In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January

---

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Jefferson Solenoidbras Ltda (01-52); (c) Lupatech – Equipamentos e Serviços para Petróleo Ltda (01-04); (d) Lupatech Finance Limited (none); and (e) Mipel Indústria e Comércio de Válvulas Ltda (01-00). The Debtors' collective executive headquarters is located at Building C, Rodovia Anhanguera, Km 199 at Rua Arnaldo J. Mauerberg, Distrito Industrial, 13460-000, Nova Odessa – SP, Brazil.

2

31, 2012. These cases have been properly commenced, pursuant to section 1504 of title 11 of the United States Code, (as amended from time to time, the "**Bankruptcy Code**"), by the filing of petitions for recognition of the Foreign Proceeding pursuant to section 1515 of the Bankruptcy Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## Background

2. Lead Debtor Lupatech S.A. is the direct or indirect parent company of each of the other Debtors and all of their non-Debtor affiliates. Collectively, these companies form the Lupatech Group, a provider of highly technical components and related specialized services to the oil and gas industries.

3. On the date hereof (the "**Petition Date**"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, the verified Petitions for Recognition, seeking recognition of the Foreign Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

4. Detailed information about the Debtors' business and operations, the events leading to the Petition Date, and the facts and circumstances surrounding the Foreign Proceeding and these cases is set forth in the Doebeli Declaration.

## Relief Requested

5. By this Motion, the Foreign Representative seeks entry of an order pursuant to Bankruptcy Rule 1015(b) directing (a) the joint administration of these cases for procedural purposes only, and (b) parties in interest to use a consolidated caption to indicate that

any pleading or other paper filed in these cases relates to the jointly administered chapter 15 cases.

6. The Foreign Representative further requests that the caption of these chapter 15 cases be modified to reflect their joint administration. A proposed consolidated caption for all notices, applications, motions, and other pleadings (the "**Proposed Caption**") is as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **LUPATECH S.A.,** *et al.*,[1] | : | **Case No. 14-11559 (__)** |
| | : | |
| **Debtors in a Foreign Proceeding.** | : | **(Jointly Administration Pending)** |
| | : | |
---------------------------------------------------------------- x

_____

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Jefferson Solenoidbras Ltda (01-52); (c) Lupatech – Equipamentos e Serviços para Petróleo Ltda (01-04); (d) Lupatech Finance Limited (none); and (e) Mipel Indústria e Comércio de Válvulas Ltda (01-00). The Debtors' collective executive headquarters is located at Building C, Rodovia Anhanguera, Km 199 at Rua Arnaldo J. Mauerberg, Distrito Industrial, 13460-000, Nova Odessa – SP, Brazil.

7. The Foreign Representative asks that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

8. In addition, the Foreign Representative requests that the Court authorize and direct that the following notation be entered on the docket for each of the Debtors' chapter 15 cases, except in the case of lead-Debtor Lupatech S.A., to evidence the joint administration of these cases:

> An order has been entered in this case directing the joint administration, for procedural purposes only, of the chapter 15 cases listed below. The docket of Lupatech S.A. in Case No. (14-11559) should be consulted for all matters affecting this

case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:

Lupatech S.A., Case No. (14 -11559); Jefferson Solenoidbras Ltda, Case No. (14-11562); Lupatech – Equipamentos e Serviços para Petróleo Ltda, Case No. (14-11560); Lupatech Finance Limited, Case No. (14-11563); Mipel Indústria e Comércio de Válvulas Ltda, Case No. (14-11561).

9. Further, the Foreign Representative requests that the Court authorize him to use a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest, as applicable.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors, consisting of a parent corporation and its wholly owned subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. An order of joint administration relates to the routine administration of multiple cases and may be entered by the Court on an *ex parte* basis. Accordingly, the Court is authorized to grant the relief requested herein.

11. The Doebeli Declaration establishes that joint administration of these chapter 15 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related and (b) will ease the administrative burden of these cases on the Court and interested parties.

12. Courts in this jurisdiction and others have approved relief similar to that requested herein in other chapter 15 cases and such relief is common in these matters. *See, e.g., In re Japan Airlines Corporation, et al.,* No. 10-10198 (JMP) (Bankr. S.D.N.Y. Jan. 19, 2010); *In re Evergreen Gaming Corp.,* No. 09-13567 (SJS) (Bankr. W.D. Wash. Apr. 16, 2009); *In re*

5

*Grand Prix Associates, Inc.,* No. 09-16545 (DHS) (Bankr. D.N.J. Mar. 19, 2009); *In re Biltrite Rubber (1984) Inc.,* No. 09-31423 (MAW) (Bankr. N.D. Ohio Mar. 12, 2009); *In re Nortel Networks Corp.,* No. 09-10164 (KG) (Bankr. D. Del. Jan. 15, 2009).

13. The Foreign Representative anticipates that the various notices, motions, hearings, orders, and other pleadings in these cases will affect all of the Debtors. With five affiliated Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "**Clerk**").

14. Joint administration will permit the Clerk to use a single docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors. Joint administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all of these chapter 15 cases. The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and

6

supervision of the administrative aspects of these cases by the Office of the United States Trustee for the Southern District of New York will be simplified.

16. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information, to the extent applicable, and therefore, satisfies section 342(c) of the Bankruptcy Code.

## Notice

17. Notice of this Motion has been provided to: (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) counsel to The Bank of New York Mellon as Indenture Trustee under the Debtors' 9.875% Guaranteed Perpetual Bonds dated as of July 10, 2007, (as amended, modified, or supplemented from time to time, the "**Unsecured Bonds**"); (c) counsel to the *ad hoc* committee of holders of Unsecured Bonds; (d) Cede & Co. as custodian for the Depository Trust Company on behalf of the beneficial holders of the Unsecured Bonds; (e) all brokers, nominees, noticing agents, and Depository Trust Company participants acting on behalf of the Bondholders, who will be individually responsible for providing such notice to the Bondholders in accordance with their internal procedures and contractual obligations; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) the Office of the United States Trustee for the Southern District of New York. The Foreign Representative requests that the Court grant this Motion without further notice to creditors. The Foreign Representative proposes to notify all creditors and parties in interest of the filing of the verified chapter 15 petitions and the Foreign Representative's request for entry of an order recognizing the Foreign Proceeding as a foreign main proceeding in the form and manner set

forth in the *Foreign Representative's Motion for Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice*, which was filed concurrently herewith. In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## **No Prior Request**

18. No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
       May 22, 2014

Respectfully submitted,

<u>/s/ Douglas P. Bartner</u>
SHEARMAN & STERLING LLP
Douglas P. Bartner
Robert A. Britton
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (646) 848-8174